(55 South. 710.)

No. 18,687.

STATE v. SMITH et al.

(April 24, 1911.   Rehearing Denied June 17, 1911.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 1151*)—CONTINUANCE—REVIEW.

.Granting of continuances is largely in the discretion of the trial courts, and their action thereon will not be disturbed, where that discretion has not been abused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3045–3049; Dec. Dig. § 1151.*]

2. INDICTMENT AND INFORMATION (§ 125*)—DUPLICITY.

A bill of information drawn under section 910, Revised Statutes, charging defendants with keeping a grog and tippling shop and retailing spirituous liquors without a license, embraces but one offense, and is not bad for duplicity. State v. Stover, 111 La. 92, 35 South. 405; State v. Mancuso, ante, p. 58, 55 South. 709, just decided.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 334–400; Dec. Dig. § 125.*]

3. INDICTMENT AND INFORMATION (§ 82*) — CONSTRUCTION.

When two persons are charged with keeping a grog and tippling shop, they are clearly charged as principals.

[Ed. Note.—For other cases, see Indictment and Information, Dec. Dig. § 82.*]

4. WITNESSES (§ 255*) — EXAMINATION — REFRESHING MEMORY.

Memoranda made within eight hours after purchasing drinks at grog and tippling shops, giving dates, names of liquors, names of persons present, etc., were made about the time of the events recorded, and they may be used by the witness who made them for the purpose of refreshing his memory while on the witness stand.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 874–890; Dec. Dig. § 255.*]

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge.

R. H. Smith and another were convicted of selling liquor without a license, and appeal. Affirmed.

Robert R. Stone and David R. Rosenthal, for appellant R. H. Smith.   Walter Guion, Atty. Gen., and Joseph Moore, Dist. Atty. (G. A. Gondran, of counsel), for the State.

SOMMERVILLE, J.   Defendants were tried and convicted on a similar affidavit to that upon which John Mancuso was tried and convicted, before the judge, without a jury, and which has been just now decided. Ante, p. 58, 55 South. 709.

[1] The first and fourth bills of exceptions are to a refusal of the judge a quo to continue the trial when the case was called, because of the short time elapsed (less than 48 hours) after arraignment. The matter of continuances is largely left to the discretion of the trial judge; and this discretion is shown not to have been abused in this instance. Defendants had been formerly charged, and had obtained a bill of particulars, when the district attorney nolle prosequied the case. The present proceeding is a reinstatement of the first case. Defendant had sufficient time in which to inform himself of the nature of the charge, and to prepare himself for trial.

Bill of exceptions No. 2 refers to the charge of duplicity, stated in the Mancuso case, and overruled.

[2, 3] Bill of exceptions No. 3 is taken to the failure of the bill of indictment to state whether defendants were principals, agents, or employés, and if agents or employés, that the name of the principal was not disclosed. The two defendants were charged with keeping a grog and tippling shop and selling liquors without a license. They are both charged as principals, and there is nothing misleading in the charge. Each defendant knew whether he was the keeper of a grog and tippling shop or not; and evidence which failed to show that either or both defendants kept such shop would have resulted in an acquittal of one or both.

[4] Bills of exceptions Nos. 5 and 7 are taken to the ruling of the court permitting

witnesses to testify from memoranda made by them some six or eight hours after buying, or having seen bought, spirituous liquors from defendants in their grog and tippling shop, as being too remote in time at the hour of making said memoranda. The evidence was as to dates of visits to defendants' place of business, and purchases and sales and kinds of liquors bought and sold. The time within which such memoranda were made was of such short duration that the memory will be assumed to have been sufficiently fresh of the circumstances to recall them clearly, and it was therefore competent for the witnesses who had made the memoranda to use same to refresh the memory.

"The record (memoranda, note entry, etc.) must have been made *at or about the time of the event recorded.* Whether in a given case it was made so near that the recollection may be assumed to have been sufficiently fresh must depend on the circumstances of the case." Greenleaf, § 439.

Bill of exceptions No. 6 is to the offer and admission in evidence of two bottles of beer by the state, on the ground that the bottles had been in possession of the witness during some 90 days, instead of in the possession of the clerk of the court. Act No. 45 of 1886 is cited in support of the contention presented. That is an act amending section 1015 of the Revised Statutes, which has reference to the duties of justices of the peace, or other committing magistrates in the parishes, and recorders in the parish of Orleans. It has no application to the conduct of witnesses in the district courts of the state.

Bill of exceptions No. 8 is to the action of the court in overruling the motion for a new trial. The motion embraces the grounds heretofore considered in the other bills, and the further ground:

"That the court erred in giving weight, sufficient to convict, to the testimony of witnesses Pinson and Higginbotham, who were uncorroborated, and acted as they themselves admit, beseeching the sale of the alleged intoxicants; said witnesses being strangers to this community, and hailing from Jackson, Miss., and Jacksonville, Fla., and confessedly paid five dollars a day and 'expenses' within a reasonable amount, employed by a so-called 'Good Government League' of Lake Charles."

This bears upon the weight given the evidence by the trial judge, which we cannot review.

The judgment appealed from is affirmed.