SOMMERVILLE, J.
Defendant appeals from a judgment and sentence after trial, before the court without a jury, on the charge of having kept a grog and tippling shop and of retailing spirituous liquors, without previously obtaining a license from the proper authorities, under section 910, Revised Statutes.
[2] The first bill of exceptions in the record is to the ruling of the trial court on the sufficiency of the bill of particulars furnished by the district attorney, in that it did not locate the exact place where the grog and tippling shop was kept, and the liquors were sold by defendant.
The objection is fully met in the reasons of the court attached to the bill. They are as follows:
“At the time the question came up for discussion whether or not the state had complied with the order of court in furnishing the bill of particulars, I interpreted, in open court, the bill furnished by the state and made it clear that I considered what was meant, and stated that I would hold the district attorney to the interpretation then made by me of what said bill meant; among these was the alleged failure to designate with any particularity the place where said alleged sale or sales of liquor or intoxicants were made, and I held that the statement made in said bill of particulars meant that the alleged sales were made at the place of business of said Mancuso. in the city of Lake Charles, mentioned in said bill, and not at any other place; and gave notice that the state on the trial of the case would 'be confined to said place. This was before the accused was arraigned for trial. If there was any doubt as to what was meant by the district attorney, the interpretation of the court, together with the notice given both sides in open court, made it certain.”
[1] The second bill of exceptions is taken to the overruling of the motion to quash the bill of information under which defendant was to be tried, on the ground that it charged him with having sold liquors at three different times, and to two separate persons, which were separate and distinct offenses.
The reasons of the trial judge for his action are good and sufficient. They are as follows:
“The bill of information taken in connection with the bill of particulars, which was the state of the ease when the motion to quash was filed, do not, when read together, charge separate offenses. The bill of information charges the defendant with keeping a grog and tinplingshop, and retailing spirituous liquors without a license. The bill of particulars mentions two or more sales at the same place. This does not make the bill bad for duplicity. The bill is drawn in the language of the statute, and the words ‘grog and tippling shop’ necessarily imply a place where more than one sale is made; and therefore two or more sales from the same place may be alleged in and proved under the same bill of information, and in the same» count, in order to show that the accused was running a grog and tippling shop.”
The third bill of exception, to the overruling of the motion for a new trial, embraces matters not reviewable by this' court. For these reasons, the judgment is affirmed.